UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN SHLOMO,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES<br><br>　　　　　　Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KAREN SHLOMO (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES (hereinafter "CCS" and/or "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b((2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's action of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in

1

abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a debt collector with an office maintained in Newton, Massachusetts.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. Beginning on or before February 5, 2016, Plaintiff began to receive written correspondence from Defendant concerning an alleged debt.

12. On March 8, 2016, Plaintiff called Defendant to inquire about the alleged debt.

13. Plaintiff was asked to verify her account information, upon which Plaintiff provided same.

14. When Plaintiff asked whether she can dispute the debt, Defendant responded that she should "send in documentation showing why the balance is not owed."

15. Defendant then proceeded to ask Plaintiff why she disputed said debt, to which Plaintiff responded that she had to check her records.

16. When Plaintiff asked whether she can just dispute same over the phone, Defendant responded, "No, you would have to send in the documentation explaining reason."

17. Defendant then continued to press Plaintiff, multiple times asking when Plaintiff would send in the documentation, reiterating that Plaintiff's credit score continues to be affected.

18. Plaintiff became confused as to her rights and thereafter ended the phone call.

19. As depicted in the following Counts Defendant violated the FDCPA.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to the Status of the Debt

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

22. Defendant violated said section by not accepting Plaintiff's dispute over the phone.

23. Defendant further violated same by threatening not to communicate a disputed debt as disputed, absent a reason for doing so.

24. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires.*, 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation.*,

2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

25. The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., *Rivera v. Bank One.*, 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), *Matter of Sommersdorf.*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); *Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. *Rosado v. Taylor.*, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer.), See. *Register v. Reiner, Reiner & Bendett*, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006), *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006), *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), *Nasca v. GC Servs. Ltd.*

*P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *In re Risk Mgmt. Alternatives, Inc.*, Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), *Sambor v. Omnia Credit Servs., Inc.*, 183 F.Supp.2d 1234 (D.Haw. 2002), *Sanchez v. Robert E. Weiss, Inc.*, 173 F.Supp.2d 1029 (N.D. Cal. 2001), *Castro v. ARS Nat'l Servs., Inc.*, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), *Harvey v. United Adjusters*, 509 F.Supp.1218 (D.Or. 1981), *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), *Purnell v. Arrow Fin. Servs., LLC*, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce."), *Hoffman v. Partners in Collections, Inc.*, 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for

disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

26. Upon information and belief, CCS and its employees, as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

27. Upon information and belief, CCS and its employees, when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

28. Upon information and belief, CCS and its employees, intentionally denied Plaintiff her dispute rights afforded to her under the FDCPA.

29. Upon information and belief, CCS and its employees wrongfully stated to Plaintiff that he could not orally dispute the debt with the Defendant.

30. Upon information and belief, CCS and its employees, wrongfully stated to Plaintiff that he could only dispute a debt in writing.

31. Upon information and belief, CCS and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

32. Upon information and belief, CCS and its employees, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

33. Defendant's employee who spoke with Plaintiff intended to speak said words to Plaintiff.

34. The acts and omissions of CCS and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

35. Upon information and belief, CCS and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by Defendant purportedly in the validation notice.

36. As an actual and proximate result of the acts and omissions of CCS and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    A declaration that Defendant violated the FDCPA;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff such other and further relief as this Court may deem

just and proper.

                                  Respectfully submitted,

                                  By:  /s/ Alan J. Sasson
                                  Alan J. Sasson, Esq. (AS8452)
                                  Law Office of Alan J. Sasson, P.C.
                                  2687 Coney Island Avenue, 2nd Floor
                                  Brooklyn, New York 11235
                                  Phone:     (718) 339-0856
                                  Facsimile: (347) 244-7178
                                  *Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                  */s/ Alan J. Sasson*
                                  Alan J. Sasson, Esq.

Dated: March 11, 2016